(10 Misc. Rep. 54.)

KAUFMAN v. MORGAN et al.

(City Court of New York, General Term.    October 23, 1894.)

APPEAL—HARMLESS ERROR.

Where the jury, in an action for loss of goods against a warehouse company and one to whom it had surrendered possession of the warehouse, finds a verdict against the second defendant, without considering the liability of the company, failure of the court to send the jury back to determine such liability is not prejudicial to the other defendant.

Appeal from trial term.

Action by Bertha Kaufman against the People's Cold-Storage & Warehouse Company and D. Percy Morgan to recover the value of goods stored with said warehouse company.    A judgment in favor of plaintiff was entered on a verdict against defendant Morgan, and. said defendant appeals.    Affirmed.

For decision on appeal by defendant company from an order denying a motion to set aside the verdict, see 30 N. Y. Supp. 813.

Argued before EHRLICH, C. J., and NEWBURGER and FITZSIMONS, JJ.

Parsons, Shepard & Ogden, for appellant.

L. J. Morrission, for respondent.

EHRLICH, C. J.    There was evidence in the case to show that the defendant Morgan, at the time of the injury to the goods, was in possession and control of the warehouse.    He attempted to defend upon the ground that his possession was in an official capacity, but the plaintiff denies that she had any knowledge or notice of any such representative character.    The questions were fairly submitted to the jury, which returned a verdict in favor of the plaintiff for $325. The facts proved warranted a verdict against Morgan individually, for his liability was several, and not joint with that of the codefendant.    The trial judge might, and perhaps ought, to have sent the jury back for the purpose of passing on the liability of the warehouse company, that the issue as to it might have been disposed of; but this is matter of which the appellant, Morgan, cannot complain. As we find no force in the exceptions, and no error requiring a new trial, the judgment appealed from must be affirmed, with costs.    All concur.